IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 22-00168-KD-B |
| | ) |
| BRODERICK TREMAINE YOUNG, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The competency hearing pursuant to 18 U.S.C. § 4247(d) for Defendant Broderick Tremaine Young was held on May 25, 2023. Defendant Young, his defense counsel Andrew M. Jones, and Assistant United States Attorney Justin D. Roller were present. Prior to the hearing, the Court and the parties received a copy of the Forensic Evaluation from the Federal Bureau of Prisons, Metropolitan Correctional Center, Chicago, Illinois (doc. 28). The Evaluation and the opinions contained therein were the only evidence offered with respect to Young's competency to proceed to trial.[1] The Forensic Psychologist found that Young "does not currently suffer from a mental disease or defect which renders him unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense" (doc. 28, p. 25).

"The Due Process Clause of the Fifth Amendment requires that a defendant be mentally competent to be tried or convicted." United States v. Harris, 741 Fed. Appx. 663, 667 (11th Cir. 2018) (citing United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014)). Young shall be considered mentally competent to stand trial if found to have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as

---

[1] Young stated that a local psychological examination had been performed but he did not have the report. Young was instructed that upon receipt, should he decide to do so, he could move the Court to reconsider the issue of his competency.

well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402, 80 S. Ct. 788, 789 (1960); Adams v. Wainwright, 764 F.2d 1356, 1359-60 (11th Cir.1985), *cert. denied*, 474 U.S. 1073, 106 S. Ct. 834 (1986) (same); Harris, 741 Fed. Appx. at 667 (quoting Rodriguez, 751 F.3d at 1252) ("The standard of competence is 'whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and whether the defendant has a rational and factual understanding of the criminal proceedings."); United States v. Evans, 332 Fed. Appx. 561, 562 (11th Cir. 2009) ("For a defendant to be competent ..., he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] ha[ve] a rational as well as factual understanding of the proceedings against him.'") (quoting United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam)). See also Godinez v. Moran, 509 U.S. 389, 401 n.12, 113 S. Ct. 2680, 2687 (U.S. 1993) ("the question is whether [the defendant] has the ability to understand the proceedings.");

Upon consideration of all matters presented, including the opinion of the Forensic Psychologist, and the parties' respective positions as set forth at the hearing, the Court finds by a preponderance of the evidence that Young is not "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" 18 U.S.C. § 4241(d). Therefore, Young is competent to proceed to trial.

This action is set for trial during the **July 2023** trial term. The **Final Pretrial Conference** is scheduled for **June 13, 2023, at 10:30 a.m**. before U.S. Magistrate Judge Sonja F. Bivins.

DONE and ORDERED this 25th day of May 2023.

s / Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE
